UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| JANE DOE, K.H. and | ) | |
| JUNE DOE, M.H. | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 4:25-cv-989 |
| | ) | |
| v. | ) | |
| | ) | |
| KANSAS CITY GIRLS ACADEMY; | ) | **JURY TRIAL DEMANDED** |
| and JOHN DOE ENTITIES 1-10, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PROCEED UNDER PSEUDONYM

Plaintiffs, K.H. and M.H., in this action, by and through their attorneys, respectfully ask the Court to grant leave to proceed under a pseudonym and grant a protective order under Federal Rule of Civil Procedure 26(c) that ensures Defendants keep Plaintiffs' identities confidential during and after this action.

## INTRODUCTION

Plaintiffs are survivors of labor trafficking and abuse. The trauma that Plaintiffs experienced because of Defendants' acts caused harm that affects Plaintiffs every day and will continue to affect them for the rest of their lives. Plaintiffs filed this lawsuit using a pseudonym. Use of a pseudonym and appropriate protections for their identity are necessary to ensure that Plaintiffs can pursue their legal rights without the risk of undue harm to their person, family, or the life they are trying to reclaim. Plaintiffs

1

hereby seek to proceed under a pseudonym.

Plaintiffs ask the Court to enter an order authorizing them to proceed using a pseudonym in this litigation, to permit the filing of all unredacted personally identifying documents under seal, and to require redaction of any identifying information filed in Court by any party to this action or third-party.

Plaintiffs wish to protect and to guard against the release of their identities due to the highly personal and private nature of their child abuse and labor trafficking, mental health, and religious convictions, all of which would be forever associated with their names if publicized. The facts and circumstances at issue in this litigation will require Plaintiffs to disclose information of the utmost intimacy. Moreover, Defendants are not prejudiced by Plaintiffs proceeding in pseudonym, and Plaintiffs' names have already been shared with counsel for Defendants.

Alternatively, should the Court not be inclined to grant this motion, for whatever reason, Plaintiffs respectfully request the opportunity to amend their complaint, with the amendment relating back to the date of original filing.

## ARGUMENT AND CITATION OF AUTHORITY

The Eighth Circuit recently held that a party may proceed anonymously "where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist.* 194, 105 F.4th 1070, 1077 (8th Cir. 2024). The *Cajune* court looked to other circuits in finding "factors that are relevant to this balancing inquiry will depend on the facts of the case in question." *Cajune*, 105 F.4th

2

at 1077. The non-exhaustive list of factors includes: whether "identification threatened to reveal information of a sensitive and highly personal nature," (*Id.*, quoting, *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)); whether there is a "danger of retaliation," (*Cajune*, 105 F.4th at 1077, quoting, *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)); whether anonymity "poses a unique threat of fundamental unfairness to the defendant," (*Cajune*, 105 F.4th at 1077, quoting, *Carrizosa v. Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020)); and "whether the public's interest in the case is furthered by requiring that the litigants disclose their identifies" (*Cajune*, 105 F.4th at 1077, quoting, *Does I thru XXIII v. Advanced Textile Corp.* 214 F. 3d 1058, 1068 (9th Cir. 2000)). All of the factors weigh in favor of anonymity here.

## I. <u>Identification will reveal information of a sensitive and highly personal nature.</u>

Plaintiffs and innocent nonparties have a substantial privacy right to avoid disclosure of sensitive and highly personal information in this lawsuit. "Where the issues involved are matters of a sensitive and highly personal nature, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Plaintiff B v. Francis,* 631 F.3d 1310, 1316 (11th Cir. 2011). This case will involve "information of the utmost intimacy" for two primary reasons. *D.P. v. Montgomery Cty.*, 2019 U.S. Dist. LEXIS 97321, at *2-3 (E.D. Mo. 2019) (internal citations omitted)

First, "religion is perhaps the quintessentially private matter." *Stegall*, 653 F.2d at 186. This case is replete with religious beliefs, religious coercion, and Plaintiffs' resulting struggles as they struggle with faith after enduring trauma at Kansas City Girls Academy ("KCGA") disguised as religious dogma. KCGA is a devoutly religious organization that is part of a broader Teen Challenge network of facilities that operates under the U.S. Mission branch of Assemblies of God.

This case will turn on issues of personal faith, how Defendants used Plaintiffs' faith against them, how they have dealt with the alienation and isolation resulting from their loss of faith, and how this all has affected their families. This is a highly personal matter made an issue because of the KCGA's conduct in this case.

Second, while "the fact that information about a litigant's mental health may be revealed, *without more*, does not permit a party to proceed anonymously," Plaintiffs' mental health is just one of several identifiable factors that weigh in favor of allowing her to proceed under pseudonym. *Doe v. Garland*, 341 F.R.D. 116, 118 (S.D. Ga. 2021). To be sure, Plaintiffs' mental health, both as children and now as young adults, including that of their family and witnesses, will be at the center of this case, and, combined with the other factors discussed herein, weighs strongly in favor of them proceeding anonymously.

Ultimately, identification poses a substantial risk to Plaintiffs. They are young adults who are seeking to establish independent lives and careers following the child abuse Defendants inflicted upon them. They remain acutely vulnerable from the trauma they endured and its lasting and profound effects on their lives. Plaintiffs fear that if their identifying information, including that of their exploitation, religious beliefs, and mental health, are disclosed to the general public, it will only compound their trauma and disrupt their efforts to build their life.

## II. Disclosure will risk social stigma for Plaintiffs.

Disclosure here carries a substantial risk of social stigma given the allegations in this case. Both Plaintiffs come from devoutly religious backgrounds. They both have suffered from a loss of connection to their own faith, and resultingly to their families and communities because of their time at KCGA. There is a risk of "social stigma" for them given the allegations they make of religious coercion. *D.P.*, 2019 U.S. Dist. LEXIS 97321, at *2. Indeed, they face "serious social ostracization based upon militant religious attitudes, and the fundamental privateness of [their] religious beliefs…" *Stegall*, 653 F.2d at 186. This factor weighs heavily in favor of allowing Plaintiffs to proceed under pseudonym.

### III. The public's interest in this case is not furthered by disclosing Plaintiffs' identities.

"The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical," and "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Stegall*, 653 F. 2d at 185. The public's interest would not be "furthered by requiring that the litigants disclose their identifies" *Cajune*, 105 F.4th at 1077, quoting, *Advanced Textile Corp.* 214 F. 3d at 1068. And there simply is no risk that disguising Plaintiffs' identities would "obstruct public scrutiny of the important issues in this case." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1076 (9th Cir. 2000).

But the desire of Plaintiffs and other victim witnesses to remain anonymous and to not endanger themselves or their families is compelling. Public disclosure of Plaintiffs' identities and the identities of other victim witnesses may deter participation in this case and future litigants from coming forward. This would have a broad chilling effect on the litigation of heinous illegal acts against minors and the companies that financially benefit therefrom under 18 U.S.C. § 1595(a).

### IV. The anonymity of Plaintiffs and other victim witnesses does not pose a risk of fundamental unfairness to Defendants.

In *Plaintiff B,* the Eleventh Circuit found the defendants were not prejudiced by the plaintiff's anonymity, weighing in favor of granting plaintiff's motion to proceed anonymously, where the defendants were aware of the plaintiff's identity and were not barred from conducting a full range of discovery

in building a defense for trial. 631 F.3d at 1319.

Plaintiffs are not seeking to withhold their identities from the Court or Defense Counsel. Plaintiffs have already disclosed their identities to Defendants. Plaintiffs and other victim witnesses will participate in discovery, like any other party in federal court, once an appropriate protective order is in place to limit the dissemination of sensitive and highly intimate evidence in their possession as well as their identities. Therefore, Defendants' ability to investigate and defend against Plaintiffs' claims will not be prejudiced. Plaintiffs simply seek redaction of Plaintiffs' personally identifying information from the public docket and assurances that Defendants will not use or publish Plaintiffs' identities in a manner that will compromise their safety, personal lives or future employment prospects.

## **CONCLUSION**

For the foregoing reasons, the Court should GRANT Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously and should further order that all materials filed in this action, all judgments, and any other documents relating to this action shall refer to Plaintiffs pseudonymously to witnesses identified by a party as victims of trafficking, as well as Plaintiffs' family members, without additional identifying information.

A proposed order granting Plaintiffs' motion will be emailed to the Court's deputy pursuant to Local Rule 7 (f).

Respectfully submitted,

**GRIFFIN PURNELL LLC**
2037 Airline Rd., Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
(361) 356-4348 Fax
simon@griffinpurnell.com
gareth@griffinpurnell.com
Service: support@griffinpurnell.com

By: */s/ Simon B. Purnell*
    Simon B. Purnell
    MO State Bar No. 67599
    Gareth S. Purnell (*Pro Hac Vice* pending)

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of December, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to all parties and or counsel of record in this action.

                                      */s/ Simon B. Purnell*
                                      Simon B. Purnell