**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, K.H. and | ) | |
| JUNE DOE, M.H., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00989-DGK |
| | ) | |
| KANSAS CITY GIRLS ACADEMY | ) | |
| and JOHN DOE ENTITIES 1–10, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND FOR PROTECTIVE ORDER

This case arises from events at a religious institution for "troubled teens." Plaintiffs Jane Doe, K.H. ("K.H.") and June Doe, M.H. ("M.H.") allege violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581 *et seq.*, due to their forced, unpaid labor while they were enrolled at Defendant Kansas City Girls Academy ("KCGA"), a non-profit "therapeutic program" for troubled teens run by the Assemblies of God. ECF No. 1. Plaintiffs also allege negligence and breach of fiduciary duty based on the same and other alleged abuses. *Id.*

Now before the Court is Plaintiffs' motion for leave to proceed pseudonymously and for a protective order. ECF No. 2. KCGA has not opposed the motion.

For the reasons stated below, Plaintiffs' motion is GRANTED. Plaintiffs may proceed pseudonymously as Jane Doe, K.H. and June Doe, M.H. The Court will enter a separate protective order.

### Legal Standard

While federal courts "disfavor the use of fictitious names in legal proceedings" because of

the "constitutionally-embedded presumption of openness in judicial proceedings," the Eighth Circuit has held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1076–77 (8th Cir. 2024) (citations and internal quotation marks omitted). When considering a motion to proceed pseudonymously, courts must balance a number of factors depending on the facts of the case. *Id.* at 1077. The factors relevant to this case include: (1) whether identification threatens to reveal information of a sensitive and highly personal nature; (2) whether a party faces the danger of retaliation; (3) whether anonymity poses a unique threat of fundamental unfairness to the defendant; (4) whether the public's interest in the case is furthered by requiring that the litigants disclose their identities; (5) and whether there are alternative mechanisms that could protect the confidentiality of the litigants. *Id.* (cleaned up).

**Background**

KCGA is a residential facility for teenage girls who seek to address behavioral, motivational, or academic challenges. It is run by the Assemblies of God, a Christian religious denomination, and uses a "faith-based" approach in helping girls with psychological, psychiatric, and social issues, including negative self-image, self-harm, severe psychological disorders, and abuse-induced trauma.

K.H. attended KCGA from March 2, 2009, to May 2010. M.H. attended KCGA from March 17, 2010, to June 17, 2011. K.H. and M.H. were both minors the entire time they attended KCGA. KCGA knows the identities of K.H. and M.H.

**Discussion**

After review of the Complaint and consideration of the factors outlined above, the Court

2

finds Plaintiffs' request to proceed pseudonymously meets the standard set by the Eighth Circuit. The Complaint contains information about Plaintiffs' personal struggles and detailed descriptions of Plaintiffs' alleged physical and psychological abuse at the hands of KCGA when they were minors, all within the context of their personal religious tradition. The combination of personal details, alleged abuse, and religion make the information in the Complaint "sensitive and highly personal." The religious component of this case also points to the danger of retaliation or "serious social ostracization based upon militant religious attitudes, and the fundamental privateness of the religious beliefs," *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981), if Plaintiffs' identities and the nature of their claims are made public. Social stigma could be severe, Plaintiffs' fear of it is not unreasonable, and, while Plaintiffs are not minors now and are thus less vulnerable than they were during the alleged abuse, their status as alleged victims and accusers of a religious organization makes them vulnerable to retaliation or severe stigma. *See Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000) (articulating factors of severity, reasonableness of fear, and vulnerability for finding danger of retaliation).

Moreover, KCGA's knowledge of Plaintiffs' identities mitigates any prejudice or unfairness to it that pseudonymity might present. *See Doe v. Univ. of Nebraska-Lincoln*, No. 4:25CV3058, 2025 WL 1331700, at *1 (D. Neb. May 7, 2025) (finding defendant's knowledge of pseudonymous plaintiff's identity meant there was no prejudice or unfairness to defendant). Further, the public has little, if any, interest in knowing the identities of these particular Plaintiffs, and Plaintiffs' pseudonymous prosecution of this case will not "obstruct public scrutiny of the important issues in this case." *Advanced Textile Corp.,* 214 F.3d at 1072. Finally, Plaintiffs' disclosure of their identities to KCGA is already an "alternative mechanism" to absolute anonymity.

**Conclusion**

For the reasons stated above, Plaintiffs' motion is GRANTED. Plaintiffs may proceed pseudonymously as Jane Doe, K.H. and June Doe, M.H. The Court will enter a separate protective order.

**IT IS SO ORDERED.**

Date:   June 3, 2026                                    /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT

4